# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2594 | **DATE** | 6/14/2012 |
| **CASE TITLE** | Rainey vs. Metropolitan Water Reclamation District | | |

**DOCKET ENTRY TEXT**

For the following reasons, Plaintiff's motion to compel [DKT 39] and Defendant's motion *in limine* [DKT 42] are denied without prejudice.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Plaintiff has sued his employer, the Metropolitan Water Reclamation District of Greater Chicago, alleging racial discrimination and retaliation based on a considerable number of incidents. Although the vast majority of his claims appear to have arisen in 2007 or later, Plaintiff also claims that he was denied overtime and supervisory differential pay while he worked at the Stickney plant in 1997-1998. Most of Plaintiff's claims are admirably precise in their time frame; however, it is unclear when Plaintiff claims to have been passed over for promotion to the role of Engineering Technician V. Based on this spread of dates, Defendant has moved *in limine* to bar reference to the alleged incidents in the 1990s. Plaintiff has moved to compel discovery responses, in part, relating to that timeframe.

### I. Defendant's Motion *in Limine*

Defendant has filed a motion *in limine* to bar Plaintiff from using or referencing any alleged discrimination in the 1990s. Briefly, Defendant argues that Plaintiff has alleged two periods of discrimination during his employment: from 1997-1999, and from 2007-2010. Defendant argues that the two periods occurred at different facilities, under different supervisors, and were entirely separate. Accordingly, Defendant argues, there is no continuing violation and the earlier allegations are clearly time-barred. Defendant thus seeks to bar reference to the earlier claims, in order "to limit Plaintiff's unduly prejudicial and burdensome requests to obtain discovery on offense that occurred thirteen to fifteen years ago[.]" Def.'s Mot. 6. Plaintiff objects that this is not a proper use of the motion *in limine*.

The Supreme Court defines motions *in limine* broadly as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984). Authority to issue *in limine* rulings derives from a district court's inherent authority to manage trials before it. *Id*. at n.4. Although it has not universally been the case, *see Chimmy v. Prudential Ins. Co.*, No. 03 C 6628, 2004 WL 2647615, at *1 (N.D. Ill. Nov. 19, 2004), courts generally use motions *in limine* to issue pre-trial rulings on admissibility of evidence. Motions *in limine* are treated as preliminary, and subject to adjustment at trial. *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558,

| STATEMENT |
|---|

565 (7th Cir. 2006).

The Court agrees with Plaintiff that Defendant's motion, which asserts its statute of limitations defense, is not a proper motion *in limine*. Essentially, in trying to permanently narrow the claims at issue in this case, Defendant seeks partial summary judgment without complying with the local summary judgment rules. (That Defendant's motion would not properly be brought as a motion for judgment on the pleadings under Rule 12(c) is amply demonstrated by Defendant's reliance on Plaintiff's discovery responses, which are outside the pleadings.) Accordingly, Defendant's motion *in limine* is denied without prejudice to raising the issue through an appropriate mechanism, such as a motion for partial summary judgment.

## II. Plaintiff's Motion to Compel

Plaintiff has moved to compel responses to his second set of interrogatories and requests for production. The motion itself appears to seek responses to interrogatories 1, 4, 5, 8, 10, 14, 15 and 17. However, Plaintiff's reply clarifies that he seeks to compel responses to all but interrogatory 13. (Defendant now states that the parties have worked out responses to interrogatories 2, 3, 6, 7, and 11, but as discussed below, the Court need not address them at this time.) Defendant objects to the motion, arguing that it should be stricken for not complying with local rules, and because it fails to explain what is missing from Defendant's responses, and why the information sought is relevant. The first argument is addressed below. The second is more a reason to deny the motion than to strike it, but the Court need not reach the issue here.

### A. Local Rule 37.2

First, Defendant argues that Plaintiff's motion violates Local Rule 12(K), which requires parties to meet and confer before filing discovery motions. (Despite the links on the Northern District website, that rule is now Local Rule 37.2.) Plaintiff responds that his motion extensively set out his discussions with opposing counsel, which satisfies the Rule.

Based on the parties' communications as set out in Plaintiff's motion, it appears that Plaintiff did not comply with the Rule as it is intended – to give the opposing party notice of the specific deficiencies in its production before a motion is filed. Plaintiff's motion gives no indication that he conferred with defense counsel between Defendant's amended production of April 20, 2012, and his filing of this motion. Furthermore, some of the discovery deficiencies that Plaintiff identifies (in his reply) to not seem to have been conveyed to defense counsel, at least not in the correspondence attached as exhibits to Plaintiff's motion. As it is clear that Plaintiff endeavored to comply with the Rule, the Court will not strike the motion or impose any sanctions. However, with one limited exception discussed below, the Court will deny the motion without prejudice, to allow Plaintiff to meet and confer with opposing counsel about his remaining objections. The Court does note, however, that several of Plaintiff's requests (in particular interrogatories 1 and 17) appear to be substantially overbroad, and Plaintiff is urged to work with opposing counsel to narrow his requests.

### B. Statute of Limitations

Regarding the statute of limitations issue, however, the Court finds that Plaintiff's motion amply demonstrates that any further attempt to meet and confer would have been futile — Defendant has steadfastly refused to provide information that it claims falls outside the relevant statutes of limitations. Defendant cannot seriously argue that it would have changed its position after an additional conference, and accordingly the Court will consider Plaintiff's motion to compel to that extent.

Above, the Court denied Defendant's motion to bar reference to Plaintiff's allegations from the late 1990s. Even so, the Court will deny Plaintiff's motion to compel that information. Despite the myriad exhibits that he provided as part of his motion, Plaintiff has offered no explanation as to how the claims from the 1990s are linked to his recent claims, making the requested discovery relevant to non-time-barred claims. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (noting that "it is proper to deny discovery of matter that is relevant only to…events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case."); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 435 (7th Cir. 2009) (noting that under Illinois law, the continuing violation rule does not apply to "a series of

**STATEMENT**

discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing."). Without any such explanation or connection, the Court cannot conclude that Plaintiff has shown that the discovery related to his time at the Stickney plant is reasonably calculated to lead to admissible evidence, warranting the considerable additional burden and expense on Defendant. Plaintiff's motion to compel is denied without prejudice.

### III. Conclusion

For the foregoing reasons, the Court denies both motions without prejudice.