IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TOMMY RAINEY,** <br><br> **Plaintiff,** <br><br> v. <br><br> **METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO,** <br><br> **Defendant.** | **Case No. 11 C 2594** <br><br> **Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Bill of Costs. For the reasons stated herein, Defendant is awarded the sum of $2,613.20 in costs.

### I. BACKGROUND

Plaintiff Tommy Rainey, proceeding *pro se*, filed this action against his employer and brought claims under Title VII and 42 U.S.C. §§ 1981 and 1983. The Court granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Reconsideration. *See,* ECF Nos. 67, 98.

Defendant filed this Bill of Costs and asks for the sum of $3,048.24. Plaintiff has not filed a response.

### II. ANALYSIS

Federal Rule of Civil Procedure 54 provides that a prevailing party should be able to recover its costs, other than attorneys' fees, from the other party. FED. R. CIV. P. 54(d)(1). The Court

"must determine that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation."  *Weihaupt v. Am. Med. Ass'n,* 874 F.2d 419, 430 (7th Cir. 1989).  This rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."  *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006).

Defendant seeks to recover $1,881.20 spent on transcript and court reporter fees.  These fees are recoverable pursuant to Local Rule 54.1(b), as long as the rates conform to the rates established by the Judicial Conference of the United States.  The court reporters charged $0.90 per page for transcript copies and $3.65 per page for originals.  Those rates do not exceed the rate set by the Judicial Conference.  *See, http://www.ilnd.uscourts.gov/home/ clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm.*  In addition, the transcripts were all reasonably necessary to the litigation because they were used in the summary judgment briefing.  This cost is recoverable.

Defendant requests $75.00 for the money it spent subpoenaing medical records.  This expense was reasonably necessary to the litigation because Plaintiff sought medical treatment as a result of the incidents alleged in the complaint.  *See, Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (costs for medical records are "clearly allowable").  This expense is recoverable.

Defendant asks for $617.00 for photocopies of documents necessary to the litigation other than medical records. Defendant's costs were incurred copying pleadings, motions, correspondence, courtesy copies for the court, and transcripts. All of these costs are reasonably necessary to the litigation, and the charge of ten cents per page was reasonable. *See, Hernandez-Martinez v. Chipotle Mexican Grill, Inc.,* No. 11 C 4990, 2013 WL 2384251, *4 (N.D. Ill. May 30, 2013) ("Courts in this district have generally held that 10 to 20 cents per page is a reasonable cost for black and white copies.").

Finally, Defendant seeks to be reimbursed for the cost associated with having to produce an employee for a deposition that never went forward on the date scheduled. Plaintiff scheduled depositions for two of Defendant's employees for the same day, but spent all his time on the first employee while the second waited outside. Defendant produced that second witness again on a later date, and thus Defendant lost two days of the witness's salary for only one day of deposition testimony. Defendant asks the Court to tax as a cost the witness's salary for the day that the witness appeared but did not testify.

The statute that allows for taxation of costs enumerates those categories of costs that are recoverable, one of which is "[f]ees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3). That section is limited by 28 U.S.C. § 1821(b), which

provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." The Seventh Circuit has held that a prevailing party can collect witness fees for witnesses who were subpoenaed to testify but never called, because witnesses are paid for their time, not their testimony. *Haroco, Inc. v. Am. Nat. Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1442 (7th Cir. 1994).

The Court is not aware of any authority for the idea that a regular wage or salary, paid to an employee who was called to testify during regular work hours, can count as a witness fee for the purposes of the cost shifting statute. It is reasonable, however, to assign that expense as a recoverable cost because Defendant was forced to produce its employee on two separate days for one day of deposition testimony. The salary paid to the employee for the day where the employee neither worked nor testified is analogous to a witness fee. Because Defendant asks for only one day of witness costs, the Court need not decide whether Defendant could recover a witness fee for the day when Defendant's employee actually testified.

Defendant cites no authority for the idea that this Court can require Plaintiff to pay the entire day's lost salary, or $475.04. The Court may only shift litigation costs when it has the express statutory authority to do so. *See, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). Defendant asks for

only one day of salary, so the Court awards a witness fee for one day, or $40.00.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Defendant is entitled to a total award of $2,613.20. The Clerk of the Court is directed to tax costs in the amount of $2,613.20 in favor of the Defendant and against the Plaintiff.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

Date:11/18/2013